Jason Gregory HULL *v.* STATE of Arkansas

CA CR 05-442                                                  241 S.W.3d 302

Court of Appeals of Arkansas
Opinion delivered October 11, 2006

*Scott Adams*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellee.

J OSEPHINE LINKER HART, Judge. A Van Buren County jury convicted Jason Gregory Hull of second-degree sexual assault and sentenced him to fourteen years in the Arkansas Department of Correction. On appeal he argues that the trial court erred in denying his motion for a directed verdict and in refusing to grant him access to Arkansas Department of Human Services' records. We affirm.

Hull first argues that the trial court erred in denying his motion for a directed verdict because "there are so many elements which serve to create doubt that . . . basic fairness would preclude conviction in light of the many inconsistencies in the State's case." He acknowledges that the scope of the directed verdict made at trial was limited to assertions that the absence of scientific or DNA evidence, conflicts in the witnesses' testimony, and the unreliable victim testimony caused the evidence to be so deficient that a "reasonable person could not conclude beyond a reasonable doubt" that he was guilty. Neither at trial, nor on appeal, does he specifically reference any particular element of the offense for which the State failed to present proof. His argument is without merit.

We treat the denial of motions for a directed verdict as a challenge to the sufficiency of the evidence. *Silverman v. State*, 63 Ark. App. 94, 974 S.W.2d 484 (1998). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. When reviewing the sufficiency of the evidence, it is only necessary for us

to ascertain that evidence which is most favorable to the State, and it is permissible to consider only that evidence which supports the guilty verdict. *Id.*

First, it is well-established law that reconciling conflicts in the testimony and weighing the evidence are matters within the exclusive province of the jury and the jury's conclusion on credibility is binding on this court. *Id.* Second, we are unable to find any real inconsistency in the testimony supporting Hull's conviction. The ten-year-old victim testified that she was lying on the couch in the home of Jason Shelton when Hull pulled her pants and underwear down to her ankles and touched her "private spot" with his tongue. She confirmed that her knees were "apart" when Hull perpetrated the act. We note that Arkansas State Police child-abuse investigator Robert Leal testified that when he interviewed the victim, she described how her knees were spread apart and her pants were pulled down so that her ankles were held together, which is consistent with the victim's testimony at trial.

Jason Shelton testified that on the day in question, he walked into his residence and observed Hull kneeling in front of his couch with the victim's legs up in the air, her pants around her ankles, and Hull's hands "under her butt" and his face "three or four inches at the most" away from her crotch. Van Buren County Sheriff's Deputy Paul Rice testified that on the day in question, he met with the victim and she told him that Hull "pulled down her pants and he had been playing with her privates." Rice also stated that Hull admitted pulling down the victim's pants, but explained that he had done so to examine a "bug bite."

Hull next argues that the trial court erred in refusing to allow him to access the Arkansas Department of Human Services CHRIS (Children's Reporting and Information) records. He acknowledges that the United States Supreme Court passed on this issue in *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), and held that an *in camera* review of the confidential records when a criminal defendant seeks access to the records satisfied the requirements of the Sixth Amendment. Hull, however, urges us to rely, not on the holding in *Ritchie*, but instead on the dissent, which urges a more expansive interpretation of the State's obligations in regard to the Confrontation Clause. We are unable to accede to this request. We cannot discern that Hull has asserted a separate Arkansas constitutional question in his argument, and we are bound by the decisions of the United States Supreme Court regarding the interpretation of

the United States Constitution. *Williams v. State*, 254 Ark. 799, 496 S.W.2d 395 (1973). In accordance with the Supreme Court's procedural blueprint as set forth in *Ritchie*, we have reviewed the sealed records that were reviewed *in camera* by the trial court, and we agree that they do not contain exculpatory evidence that would warrant their release.

Affirmed.

GLOVER and CRABTREE, JJ., agree.